**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., HAND HELD PRODUCTS, INC., and METROLOGIC INSTRUMENTS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ZEBRA TECHNOLOGIES CORPORATION, <br><br> Defendant. | C.A. No. 6:21-CV-1010-ADA |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Zebra Technologies Corporation ("Zebra") by and through its undersigned attorneys, answers the allegations of Plaintiffs Honeywell International, Inc., Hand Held Products, Inc., and Metrologic Instruments, Inc. (collectively "Honeywell" or "Plaintiffs"), as follows:

## INTRODUCTION

1. Zebra admits that Honeywell purports to bring an action for damages and injunctive relief under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

3. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

1

4. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

5. Admitted.

## JURISDICTION AND VENUE

6. Zebra is without knowledge or information sufficient to form a belief as to whether Honeywell has standing to sue on the patents asserted in this action and, therefore, denies that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Zebra admits that Honeywell purports to bring this action under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* Zebra otherwise denies the remaining allegations of this paragraph.

7. Zebra admits this Court has personal jurisdiction over Zebra solely for purposes of this action, that Zebra has an Austin office, and that Honeywell attached Exhibit G to the complaint a news article which states that Zebra purportedly invested more than $2 million to construct its Austin office, which occupies more than 26,000 square ft. Zebra otherwise denies the remaining allegations of this paragraph.

8. Zebra admits that it employs personnel at its Austin location. Zebra otherwise denies the remaining allegations of paragraph 8 of the complaint.

9. Denied.

10. Zebra admits Xplore Technologies Corp. is a wholly-owned subsidiary of Zebra and is headquartered in Austin, Texas with employees living in and around Austin, Texas. Zebra otherwise denies the remaining allegations of this paragraph.

11. Zebra admits that venue is proper in this District under the patent venue statutes for this particular action only, but denies that this District is convenient or in the interests of

justice under 28 U.S.C. § 1404.  Zebra otherwise denies the remaining allegations of this paragraph.

## THE PATENT IN SUIT

12. Zebra admits Honeywell accuses Zebra of infringing the Asserted Patents.

13. Zebra admits U.S. Patent No. 7,527,206 ("the '206 patent") states the patent was issued May 5, 2009 and is titled "Method of Setting the Time Duration of Illumination From an LED-Based Illumination Array Employed in a Digital Imaging-Based Code Symbol Reader, Using an Image-Processing Based Illumination Metering Program Executed Therewithin," and lists as named inventors Xiaoxun Zhu, Yong Liu, Ka Man Au, Rui Hou, Hongpeng Yu, Xi Tao, Liang Liu; Wenhua Zhang, and Anatoly Kotlarsky.  Zebra otherwise denies the remaining allegations of this paragraph.

14. Zebra admits U.S. Patent No. 10,171,767 ("the '767 patent") states the patent was issued January 1, 2019 and is titled "Image Reader Comprising CMOS Based Image Sensor Array," and lists as named inventors Ynjiun P. Wang and William H. Havens.  Zebra otherwise denies the remaining allegations of this paragraph.

15. Zebra admits U.S. Patent No. 9,148,474 ("the '474 patent") states the patent was issued September 29, 2015 and is titled "Replaceable Connector," and lists as named inventor Matthew Skvoretz.  Zebra otherwise denies the remaining allegations of this paragraph.

16. Zebra admits U.S. Patent No. 9,578,269 ("the '269 patent") states the patent was issued February 21, 2017 and is titled "Image Reader Comprising CMOS Based Image Sensor Array," and lists as named inventors Ynjiun P. Wang and William H. Havens.  Zebra otherwise denies the remaining allegations of this paragraph.

17.     Zebra admits U.S. Patent No. 9,929,906 ("the '906 patent") states the patent was issued March 27, 2018 and is titled "Data Collection System Having EIR Terminal Interface Node," and lists as named inventors James Kosecki and Aldo Mario Caballero. Zebra otherwise denies the remaining allegations of this paragraph.

18.     Zebra admits that each Asserted Patent is presumed valid pursuant to 35 U.S.C. § 282. Zebra specifically denies that the Asserted Patents are valid and specifically denies Honeywell's characterizations of the examination of them by the USPTO. Zebra is without knowledge or information sufficient to form a belief as the truth of the remaining allegations in this paragraph and therefore denies them.

19.     Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20.     Paragraph 20 states a legal conclusion which require no response. Zebra is without knowledge or information sufficient to form a belief as to whether Honeywell has consistently and continuously marked its products and therefore denies this allegation. Zebra denies the remaining allegation in this paragraph. Zebra otherwise denies the remaining allegations of this paragraph.

## BACKGROUND

**A. Honeywell**

21.     Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

22.     Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

## B. Hand Held

23. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

24. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

25. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

26. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

## C. Metrologic

27. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

28. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

29. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

## ZEBRA'S [ALLEGED] INFRINGING ACTIVITIES

30. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Zebra admits that it has barcode scanning products that include the models listed in this paragraph. Zebra otherwise denies the remaining allegations of this paragraph.

37. Zebra admits that it began marketing and selling barcode scanners as early as 2015. Zebra otherwise denies the remaining allegations of this paragraph.

38. Zebra admits that it has mobile computing products that include the models listed in this paragraph. Zebra otherwise denies the remaining allegations of this paragraph.

39. Zebra admits that it began marketing and selling mobile computing products as early as 2015. Zebra otherwise denies the remaining allegations of this paragraph.

40. Zebra admits that it has scan engines that include the models listed in this paragraph. Zebra otherwise denies the remaining allegations of this paragraph.

41. Zebra admits that it began marketing and selling scan engines as early as 2015. Zebra otherwise denies the remaining allegations of this paragraph.

42. Zebra admits that Honeywell refer to purportedly infringing barcode scanners, mobile computers, and scan engines as the "Accused Products." Zebra otherwise denies the remaining allegations of this paragraph.

## COUNT I
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,527,206

43. Zebra incorporates and restates its responses to the allegations set forth in paragraphs 1 through 42 of the complaint.

44. Denied.

45. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### COUNT II
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,148,474

62. Zebra incorporates and restates its responses to the allegations set forth in paragraphs 1 through 61 of the complaint.

63. Denied.

64. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. No response is required for Paragraph 69. To the extent that a response is required, Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

70. Denied.

71. Denied.

72. Denied.

73. Zebra is without knowledge or information sufficient to form a belief as to whether Honeywell has consistently and continuously marked its products with the '474 patent since at least 2020, and therefore denies this allegation. Zebra otherwise denies the remaining allegations in this paragraph.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT III
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,578,269

79. Zebra incorporates and restates its responses to the allegations set forth in paragraphs 1 through 78 of the complaint.

80. Denied.

81. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Zebra is without knowledge or information sufficient to form a belief as to whether Honeywell has consistently and continuously marked its products with the '269 patent since at least 2019, and therefore denies this allegation. Zebra otherwise denies the remaining allegations in this paragraph.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## COUNT IV
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,929,906

116. Zebra incorporates and restates its responses to the allegations set forth in paragraphs 1 through 115 of the complaint.

117. Denied.

118. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Zebra is without knowledge or information sufficient to form a belief as to whether Honeywell has consistently and continuously marked its products with the '906 patent since at least 2020, and therefore denies this allegation. Zebra otherwise denies the remaining allegations in this paragraph.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

## COUNT V
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,171,767

132. Zebra incorporates and restates its responses to the allegations set forth in paragraphs 1 through 131 of the complaint.

133. Denied.

134. Zebra is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Zebra is without knowledge or information sufficient to form a belief as to whether Honeywell has consistently and continuously marked its products with the '767 patent since at least 2019, and therefore denies this allegation. Zebra otherwise denies the remaining allegations in this paragraph.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

## JURY DEMAND

Honeywell's jury demand requires no response.

## PRAYER FOR RELIEF

Zebra denies that Honeywell is entitled to any of the relief it seeks or any other relief. To the extent any statement in the Prayer for Relief is deemed factual, it is denied.

## GENERAL DENIAL

Zebra denies each and every allegation in the Complaint not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

Zebra asserts the following affirmative and other defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Honeywell as a matter of law. Zebra reserves the right to assert additional defenses that become known during this action.

## FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE
### (Invalidity)

The claims of the Asserted Patents are invalid for failure to comply with one or more provisions of the patent laws of the United States, or the rules, regulations, and law related thereto, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD DEFENSE
### (Non-Infringement)

Zebra does not directly infringe, indirectly infringe, willfully infringe, contribute to infringement, or induce infringement of any valid or enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. or 19 U.S.C. § 1337.

## FOURTH DEFENSE
### (Attorneys' Fees)

Zebra has engaged in all relevant activities in good faith, thereby precluding Honeywell, even if they prevail, from recovering attorneys' fees and/or costs under 35 U.S.C. § 285.

## FIFTH DEFENSE
### (Unenforceability)

On information and belief, Honeywell is not entitled to any relief against Zebra in this investigation because the Asserted Patents are unenforceable. Honeywell has made claims that are barred in whole or in part by the doctrines of waiver, implied waiver, laches, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable remedies.

## SIXTH DEFENSE
### (Waiver)

On information and belief, Honeywell's claims against Zebra are barred by the doctrine of waiver.

## SEVENTH DEFENSE
**(Prosecution History Estoppel and/or Disclaimer)**

On information and belief, due to admissions and statements made to the United States Patent and Trademark Office during the prosecution of the applications that resulted in the Asserted Patents or related patent applications, Honeywell is estopped from construing a valid and enforceable claim, if any, of the Asserted Patents as infringed literally or under the doctrine of equivalents by the Accused Products.

## EIGHTH DEFENSE
**(Ensnarement)**

Honeywell's claims of infringement under the doctrine of equivalents are barred in whole or in part by the doctrine of ensnarement. To the extent Honeywell's asserted range of equivalence encompasses the Accused Products, it would also impermissibly encompass the prior art.

## NINTH DEFENSE
**(Improper Inventorship)**

To the extent that the alleged inventors did not invent the purported inventions, or to the extent that the actual inventors are not named as inventors, the Asserted Patents are unenforceable.

## TENTH DEFENSE
**(License / Exhaustion / Implied License)**

On information and belief, Honeywell is barred from obtaining any relief sought in the Complaint to the extent the Asserted Patents are subject to one or more licenses. In addition, Honeywell is barred from obtaining any relief sought in the Complaint to the extent that the Asserted Patents are subject to the doctrines of patent exhaustion or implied license.

## ELEVENTH DEFENSE
### (Claim Construction Estoppel)

On information and belief, representations, omissions, and/or concessions made during prosecution of the Asserted Patents, and/or related U.S. or foreign patents and patent applications, limit the scope of the claims of the Asserted Patents such that Honeywell is estopped from construing the claims of the Asserted Patents to cover any Accused Product.

## TWELFTH DEFENSE
### (Standing)

To the extent that Honeywell does not have substantially all rights to the Asserted Patents or the purported assignments are defective, Honeywell lacks standing to bring this action.

## THIRTEENTH DEFENSE
### (Prosecution Laches)

On information and belief, Honeywell's claim for relief purportedly based on the Asserted Patents is barred by the doctrine of prosecution laches.

## FOURTEENTH DEFENSE
### (Damages and Cost Limitation)

The relief sought by Honeywell based on Zebra's alleged infringement is limited by 35 U.S.C. § 286, which prohibits recovery for any alleged infringement committed more than six years before the filing of the Complaint. Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement or marking. Honeywell is further barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### FIFTEENTH DEFENSE
(Government Sales)

To the extent Honeywell's allegations of infringement include any method, system, apparatus, and/or product used by or manufactured by or for the United States, Honeywell's claim for damages for alleged infringement is limited and/or barred by 28 U.S.C. § 1498.

### SIXTEENTH DEFENSE
(No Injunctive Relief)

On information and belief, to the extent Honeywell seeks injunctive relief for alleged infringement, the relief it seeks is unavailable because any alleged injury to Honeywell is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Honeywell has an adequate remedy at law.

### SEVENTEENTH DEFENSE
(No Willful Infringement)

Honeywell is not entitled to enhanced damages under 35 U.S.C. § 284 because Honeywell has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### EIGHTEENTH DEFENSE
(Other Defenses)

Zebra reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Zebra demands a jury trial on all issues so triable.

**REQUEST FOR RELIEF**

Zebra respectfully requests that the Court enter judgment in its favor and against Honeywell as follows:

1. Dismissing, with prejudice, Honeywell's claims against Zebra;

2. Denying all relief Honeywell seeks;

3. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Zebra its costs and attorneys' fees; and

4. Awarding Zebra any other relief that is just and equitable.


Dated: December 6, 2021                        Respectfully submitted,

*/s/ Evan Pearson*
Evan Pearson
State Bar. No. 24121403
evanpearson@quinnemanuel.com
Scott Cole
State Bar No. 00790481
scottcole@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
300 West 6th St., Suite 2010
(737) 667-6100
(737) 667-6110

*Attorneys for Defendant Zebra Technologies Corporation*

## **CERTIFICATE OF SERVICE**

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

*/s/ Evan Pearson*
Evan Pearson